246 BUSH'S REPORTS.

Carbon & Bettis vs. Stout.    Fulton vs. Carbon & Bettis.

CASE 63—PETITION ORDINARY—SEPTEMBER 24.

# Carbon & Bettis vs. Stout.

# Fulton vs. Carbon & Bettis.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. In a controversy about the ownership and identity of a brown mare, the deposition of Turnbull proving that the mare was foaled his, that he sold her to Bicket, and that the latter sold her to one of the parties to the suit, was competent and admissible evidence. The interest of Turnbull, the vendor to Bicket, who was the immediate vendor to the party to the suit, was too contingent and remote to disqualify him on the score of bias, and could only affect his credibility. (1st *Greenleaf, section* 394.)

2. To disqualify a witness, his interest "must be direct and immediate to the party; for if the witness is liable to a third person who is liable to the party, such circuity of interest is no legal ground of exclusion." (1 *Greenleaf, sec.* 394.)

BUCKNER & WING,       For Appellants, Carbon & Bettis,
                      CITED—

*Ry. & M.,* 32 ; *Clark vs. Lucas.*

1 *Greenleaf, sec.* 386.

1 *Starkie, sec.* 105.

*Pr. Dec.,* 139 ; *Morton vs. Waldrohyn.*

3 *Marshall,* 106 ; *Miller vs. Field.*

*Hardin,* 117 ; *Day vs. Green.*

4 *Dana,* 106 ; *Higgins vs. Morrison.*

5 *Dana,* 382 ; *Smith vs. White.*

5 *B. Monroe* ; *Clarke vs. Robinson.*

9 *Dana,* 43 ; *Offutt vs. Fayman.*

13 *B. Mon.,* 202 ; *Adams vs. Gardiner.*

5 *B. Mon.,* 518 ; *Waller vs. Logan's heirs.*

T. B. & J. B. COCHRAN,                For Appellee, Stout.

Carbon & Bettis vs. Stout.    Fulton vs. Carbon & Bettis.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action of replevin for a brown mare, two justices heard the case. The first failing to find; the second returned a verdict for the plaintiff, Stout, on which the circuit court rendered judgment of *retorno*. Each jury inspected the mare, as to the identity of which there was a vexatious contrariety of testimony.

The appellant, Charles H. Fulton, having sued for the same mare, and the two cases being consolidated, verdict and judgment were rendered against him, which, being sustained by the testimony and the law, is affirmed.

The most embarrassing conflict was between the appellee, Stout, and the appellants, *Carbon & Bettis*. A mare proved to have been stolen from Stout, and owned by him, strongly resembled the mare in contest, and sufficiently for identification, had there been no countervailing proof of facts conducing to show that the latter was foaled the property of James Turnbull, near Xenia, Ohio, was sold by him to one Bicket, and by Bicket to the appellants, Carbon & Bettis, and had a racking gait and undocked tail, while Stout's mare was docked and could not rack. But while the evidence seems to preponderate against the verdict, the preponderance may not be so decisive as to justify a reversal on the sole ground of a want of evidence. But however this may be, the circuit court having rejected as incompetent the depositions of both the immediate and the remote vendor to the appellants, the judgment should, in our opinion, be reversed for error in refusing to admit as competent the deposition of the latter. According to the common law, as recognized by Starkie and Greenleaf on Evidence, the interest of Turnbull, the vendor to Bicket, who was the immediate vendor to the appellants, was too contingent

and remote to disqualify him on the score of bias, and could only affect his credibility.

Respecting the disqualifying liability of a witness, Greenleaf says : " But the liability must be direct and immediate to the party ; for if the witness is liable to a third person who is liable to the party, such circuity of interest is no legal ground of exclusion." (*1st Greenleaf*, *section* 394.) And Starkie lays down substantially the same doctrine, conclusively established in England and echoed in America by adjudged cases, many of which have, without diversity, been decided in Kentucky. Both authority and principle have established this doctrine of the common law, and policy and justice indorse it. The possible interest of Turnbull was not direct, certain, or immediate, and, consequently, could only affect the credibility of his testimony *when heard ;* and the spirit of our Code harmonizing with the genius of the age, inclines more than the common law to let supposed interest · discredit rather than disqualify a witness.

Consequently, Turnbull was, in our judgment, a competent witness ; and, as his testimony was material, the circuit court erred in not permitting the jury to hear and consider it.

Wherefore, the appellee's judgment against the appellants, *Carbon & Bettis*, is reversed, and the cause, as between those parties, is remanded for a new trial.