CHARLES NEWBURG v. NATHAN RATLIFF

Witness—Competency.

One, who is remote vendor of an appellant, is held to be a competent witness for him, and his evidence being material, and not known what effect it would have with the jury, the court erred in rejecting his depositions.

APPEAL FROM PIKE CIRCUIT COURT.

February 16, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Although the instructions submitted to the jury were proper, and the evidence, as admitted, preponderates in favor of the verdict, still the preponderance is not so decisive as to authorize an affirmance of the judgment, notwithstanding the rejection by the court below, as incompetent, the deposition of John H. Allison, remote vendor, offered by appellant.

In Carbon & Bettis vs. Stout, 2 Bush, 246, where the same question arose, this court, after citing a string of authorities to the point, said:

"The possible interest of Turnbull was not direct, certain or immediate, and consequently, could only affect the credibility of his testimony *when heard,* the spirit of our code harmonizing with the genius of the age inclines more than the common law, to let interest discredit, rather than disqualify, a witness."

Allison being only a remote vendor of appellant, was a competent witness, and as his testimony was material and it cannot be known what effect it may have had with the jury, the circuit court erred in rejecting his deposition. But no other error is presented in the record. For the error named, however, the judgment must be reversed, and the cause remanded, with directions to award a new trial, and for further proceedings not inconsistent with this opinion.

L. T. Moore, Auxier, for appellant.
O. C. Bowles, for appellee.